IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JEFF POFF,

    Plaintiff,                                                          ORDER

    v.                                                                     23-cv-43-wmc

WYATT WEADGE,

    Defendant.

_____

    On December 3, 2025, the court entered a default judgment against defendant Wyatt Weadge, which awarded damages and costs to plaintiff Jeff Poff. (Dkt. #85.) The clerk's office entered final judgment accordingly and closed this case on December 5, 2025. (Dkt. #88.) Plaintiff, a state prisoner who is representing himself, has now filed a motion seeking $500.00 in additional damages for attorney's fees and a writ of garnishment against Weadge's earnings from the Wisconsin Department of Corrections ("WDOC"), as well as a lien on any real or personal property owned by Weadge. (Dkt. #89.) That motion is DENIED.

    First, plaintiff cannot recover attorney's fees for reasons explained previously. (Dkt. #85, at 14.) Specifically, because plaintiff has represented himself throughout this case, he is *not* entitled to recover attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting circuit-wide agreement "that a pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees") (emphasis in original).

    Second, plaintiff has not established that Weadge remains employed by WDOC for

1

purposes of an earnings garnishment. Indeed, the record shows otherwise. (Dkt. #26.) Plaintiff further fails to show that he is statutorily entitled to a writ of garnishment under state or federal law. Fed. R. Civ. P. 64; *see also Associated Bank N.A. v. Collier*, 2014 WI 62, ¶ 25, 355 Wis. 2d 343, 852 N.W.2d 443 ("Garnishment is entirely statutory. Therefore, '[i]n the absence of specific statutory authorization, garnishment does not lie.'") (quoting *Moskowitz v. Mark*, 41 Wis.2d 87, 91, 163 N.W.2d 175 (1968)).

Third, to the extent that plaintiff seeks a writ of execution against Weadge's real estate, motor vehicles, and other personal property, he does not identify *any* specific piece of property and has not complied with Fed. R. Civ. P. 69(a), which provides a mechanism for executing money judgments entered by a federal court. *Gagan v. Monroe*, 269 F.3d 871, 873 (7th Cir. 2001); *see also Bullar v. Archway Skydiving Centre, Inc.*, No. 11-cv-0468, 2017 WL 11920564, at *1 (S.D. Ill. Sept. 5, 2017) (holding that an application for a writ of garnishment in a closed case is not the proper procedural mechanism for executing a money judgment).

Fourth, as the court previously advised plaintiff during the default judgment hearing, to the extent any wages or assets exist to satisfy all or part of defendant's financial obligation, plaintiff may be best served to engage a reputable collection service or law firm on a contingent basis, rather than attempt collection on his own.

Finally, although the motion references a "bill of costs," plaintiff does not request costs authorized by the court in its default judgment. (Dkt. #85, at 13-14.) Accordingly, plaintiff should re-submit a bill of costs to the clerk of court in compliance with Fed. R. Civ. P. 54 requesting and documenting only those costs previously authorized. (*Id.*)

2

ORDER

IT IS ORDERED THAT the motion for additional damages and a writ of garnishment filed by plaintiff Jeff Poff (dkt. #89) is DENIED without prejudice.

Entered this 10th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge