IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

JEFF POFF,

      Plaintiff,                                                                    ORDER

      v.                                                                              23-cv-43-wmc

WYATT WEADGE,

      Defendant.

_____

On December 3, 2025, the court entered a default judgment against defendant Wyatt Weadge, which awarded damages and costs to plaintiff Jeff Poff. (Dkt. #85.) The clerk's office entered final judgment accordingly and closed this case on December 5, 2025. (Dkt. #88.) As a state prisoner representing himself, plaintiff has now filed a motion for a court order requiring the Wisconsin Department of Corrections to indemnify Weadge under Wis. Stat. § 895.46(1)(a). (Dkt. #91.) That motion must be DENIED.

DOC was never named as a defendant in this lawsuit and the time has long passed to do so, at least in this case. Moreover, § 1983 does not otherwise authorize vicarious liability, and as a matter of Wisconsin law, the state employee Weadge possesses any right to seek indemnification, not plaintiff. *Dotson v. Faulkner*, 138 F.4th 1029, 1031 (7th Cir. 2025) (citing Wis. Stat. § 895.46(1)(a) and *Carlson v. Pepin Cnty.*, 167 Wis. 2d 345, 356, 481 N.W.2d 498 (Wis. Ct. App. 1992) (§ 895.46 "does not permit a tort victim to sue the state directly")).

1

The court understands plaintiff's frustration, but as he was previously advised during the default judgment hearing *and* in a subsequent order (dkt. #90, at 2), that he may be best served to engage a reputable collection service or law firm on a contingent basis, rather than attempt collection on his own, to the extent any assets exist to satisfy all or part of defendant's financial obligation, including defendant's possible, if unlikely, right to seek indemnification.

ORDER

IT IS ORDERED THAT the motion to enforce indemnification under Wis. Stat. § 895.46(1)(a) filed by plaintiff Jeff Poff (dkt. #91) is DENIED without prejudice. Plaintiff's motion for clarification on the status of his default judgment (dkt. #92) is DENIED as moot.

Entered this 1st day of April, 2026.

BY THE COURT:

s/

_____
WILLIAM M. CONLEY
District Judge

2